FILED
SUPERIOR COURT
OF GUAM

2021 MAY 28 PM 12: 27

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

v.

RINEXT RIOSEN,
DOB: 12/24/1980

Defendant.

Criminal Case No. CF0298-19
GPD Report No. 19-14796

DECISION AND ORDER
GRANTING DEFENDANT'S MOTION
IN LIMINE TO EXCLUDE
ORDER AFTER HEARING IN JP0205-19
FROM ADMISSION INTO EVIDENCE

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 7, 2021 for hearing on Defendant Rinext Riosen's ("Defendant's") Motion in Limine to Exclude Order After Hearing In JP0205-19 From Admission Into Evidence ("Motion"). Assistant Attorney General Sean Brown represents the People, and Attorney Terence E. Timblin represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant's Motion.

## BACKGROUND

Defendant is charged with Charge One: *Three Counts* of First Degree Criminal Sexual Conduct (as a 1st Degree Felony) with *Special Allegation: Vulnerable Victim*, and Charge Two: *Three Counts* of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) with *Special Allegation: Vulnerable Victim*. Superseding Indictment (Feb. 19, 2021). Defendant is accused of sexually penetrating V.F. ("Victim"), a minor under 14 years old. Magistrate's Complaint (May 24, 2019). The Victim gave birth to a child, M.G.F. ("Child") on July 31, 2019. Motion at 1. This is roughly eight-to-nine months after the alleged sexual assault, and Victim suspects Defendant is the one who impregnated her. Magistrate's Complaint (May 24, 2019).

Decision and Order Granting Defendant's Motion In Limine
To Exclude Order After Hearing In JP0205-19 From Admission Into Evidence
CF0298-19, *People of Guam v. Rinext Riosen*
Page **1** of 5

On December 14, 2020, in Case No. JP0205-19, Judge Linda L. Ingles issued an Order After Hearing ("OAH") establishing that Defendant is the father of Child, and that his name be added to Child's birth certificate. Motion at 1-2.

On January 11, 2021 Defendant filed his Motion to exclude the People from admitting this OAH into evidence. Id. at 1-2. Defendant argues that because the OAH stems from a civil action (JP0205-19), it has no preclusive collateral estoppel effect in a subsequent criminal prosecution. Id. at 2. Furthermore, Defendant argues that the admission of such evidence would deny him the right to have his guilt or innocence determined by the jury. Id. at 3.

On January 15, 2021 the People filed their Opposition to Defendant's Motion ("Opposition"). The People argued that the OAH is admissible as a hearsay exception, and that its admission would not preclude the jury from determining the elements of this case for themselves. Opposition at 2-3. Furthermore, the People are attempting to admit statements Defendant made during the Juvenile Proceeding as a statement against interest hearsay exception. Id. at 2.

On January 20, 2021, Defendant filed his Reply to Government's Opposition ("Reply"). Defendant argued that he never voluntarily made any statements against interest during the Juvenile Proceeding. Reply at 2.

On April 1, 2021, Defendant filed his Submission of Additional Evidence In Support of Motion ("Additional Evidence Submission"). Defendant states that after the OAH was filed, the Victim also accused Defendant's brother of sexual assault. Additional Evidence Submission at 2. Given the similar genetics between Defendant and his brother, Defendant now argues that the DNA test results are inconclusive, destroying any factual foundation behind the OAH. Id. at 2.

The Court held a hearing on April 7, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I.  **The OAH has no preclusive collateral estoppel affect because it was rendered in a civil action and the factual foundation supporting it no longer exists.**

At issue is whether the OAH is being offered in this present case for the purpose of proving the same facts adjudicated within the juvenile proceeding.

Decision and Order Granting Defendant's Motion In Limine
To Exclude Order After Hearing In JP0205-19 From Admission Into Evidence
CF0298-19, *People of Guam v. Rinext Riosen*
Page 2 of 5

"A judgment rendered in a civil action has no preclusive collateral estoppel affect and is not admissible in a subsequent criminal prosecution where the judgment is offered for the same purpose of proving facts adjudicated therein, although exactly the same questions are in dispute in both cases... The rule has been held applicable even in cases where the state and the criminal defendant were parties in a civil action." 46 Am.Jur.2d, Judgments §632. This rule exists because criminal and civil courts are governed by different rules concerning weight of the evidence and quantum of proof necessary to prevail. Id.

Here, the OAH is being offered for the exact purpose of proving the facts adjudicated within JP0205-19. That is, the People are seeking the OAH's admission into evidence to prove sexual penetration. This issue was adjudicated in JP0205-19, because by determining that Defendant was Child's father, the Court inescapably concluded that Defendant sexually penetrated Victim. Furthermore, the factual foundation behind this OAH is now inconclusive, as new information came out linking Defendant's brother to be the Child's father. Upon receiving this information, Dr. Eric M. O'Neill, Associate Technical Director of Labcorp, which conducted the DNA analysis in question, stated "the only way to be certain who is the father is to test both" the Defendant and his brother. Additional Evidence Submission at 1-2. The OAH thus has no preclusive collateral estoppel affect to prove sexual penetration in this criminal matter.

II. **Admitting the OAH denies Defendant the right to have his guilt or innocence determined by the jury.**

Because Defendant is charged with a serious offense and faces potential jail time of life without the possibility of parole, he is afforded the right to trial by jury. *See* 9 G.C.A. §25.15(b); *Baldwin v. N.Y.*, 399 U.S. 66, 69 (1970). Having invoked that right, Defendant is entitled to have his guilt or innocence determined by the jury.

However, the People are seeking the OAH's admission into evidence to prove sexual penetration, an element contained in Charge One of the Superseding Indictment. This would be improper, because it is up for the jury, as fact-finders, to decide whether Defendant sexually penetrated Victim. Introducing the OAH would decide the question of sexual

Decision and Order Granting Defendant's Motion In Limine
To Exclude Order After Hearing In JP0205-19 From Admission Into Evidence
CF0298-19, *People of Guam v. Rinext Riosen*
Page 3 of 5

penetration in this case because the OAH determined Defendant and Victim have shared parenthood over Child. This leaves an inescapable conclusion that the Court already determined Defendant sexually penetrated Victim, thus preventing jurors from reaching that determination on their own. While the People argue that the jury is free to ignore the Juvenile Court's pronouncement, "we know from common experience that a jury would probably follow the finding" of the other court. *Green v. State*, 184 N.E. 183, 187 (Ind. 1933). This would amount to a virtual directed verdict of guilty, and deny Defendant the right to have his guilt or innocence determined by the jury.

III. **Child's birth certificate is admissible as a Rule 803(9) hearsay exception.**

Guam Rules of Evidence ("GRE") Rule 803(9) provides that "Records or data compilations, in any form, of births" are not excluded by the hearsay rule "if the report was made to a public office pursuant to requirements of law." GRE Rule 803(9).

Here, the People plan on introducing into evidence the Child's birth certificate, which will soon be corrected to list Defendant's name as Child's father. Opposition at 3. Child's birth certificate fits squarely within this hearsay exception, and is admissible into the current criminal case as evidence.

IV. **Defendant's statements made during the JP0205-19 proceedings are admissible as statements against interest.**

Whether Defendant's statements made during the JP0205-19 proceedings are admissible depends on whether they qualify as statements against interest.

GRE 804(b)(3) provides that statements against interest are not excluded by the hearsay rule. GRE 804(b)(3). A statement against interest is "a statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability... that a reasonable person in

Decision and Order Granting Defendant's Motion In Limine
To Exclude Order After Hearing In JP0205-19 From Admission Into Evidence
CF0298-19, *People of Guam v. Rinext Riosen*
Page **4** of 5

the declarant's position would not have made the statement unless believing it to be true."

Id.

Here, the People believe Defendant admitted to paternity of the Child and consented to a finding of parenthood during the JP0205-19 proceedings. Opposition at 2. Any such affirmation would clearly be a statement against interest, as it incriminates Defendant concerning the serious criminal charges he is facing. This statement was also voluntary. While Defendant was required to be at the JP0205-19 proceedings, he was not required to admit to paternity or agree with the finding of parenthood. Thus, any such statements Defendant made admitting to his paternity over Child or agreeing with the court's finding of parenthood are admissible as statements against interest.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion. The OAH cannot be admitted into evidence because: (1) it has no preclusive collateral estoppel affect to prove sexual penetration in this current matter; and (2) it would deny Defendant the right to have his guilt or innocence determined by the jury. However, the Child's birth certificate is admissible into evidence under GRE Rule 803(9). Lastly, any statements Defendant made admitting to paternity or agreeing with the Juvenile Court's findings of parenthood are admissible as statements against interest.

Defendant's next court date is a Further Proceedings set for Tuesday, June 8, 2021 at 10:00am.

**IT IS SO ORDERED** this May 28, 2021 *nunc pro tunc* to April 7, 2021.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
 AG ; Timblin

Date: 5/28/21 Time: 1:00
Deputy Clerk, Superior Court of Guam



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Defendant's Motion In Limine
To Exclude Order After Hearing In JP0205-19 From Admission Into Evidence
CF0298-19, *People of Guam v. Rinext Riosen*
Page **5** of 5